RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/22/10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| T & B SALES, L.L.C | CIVIL ACTION NO.: 6:09-cv-1473 |
| VERSUS | JUDGE HAIK |
| MULTI-SHOT, L.L.C. | MAGISTRATE JUDGE METHVIN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## REASONS FOR JUDGMENT

### A.   Facts

This is a lawsuit alleging the failure to pay on an open account after delivery of certain oil field equipment. During the years prior to the transactions which are the subject of this litigation, Defendant, Multi-Shot L.L.C ("Multi-Shot"), maintained an account with Plaintiff, T & B Sales, L.L.C. ("T & B Sales"). Multi-Shot would issue purchase orders for various classes of oilfield tools, equipment, and/or parts, and make either full or partial payment to T & B Sales after the items were delivered to Multi-Shot by T & B Sales. Plaintiff filed this Motion to Dismiss the Counterclaim and Motion to Strike Insufficient Defenses, alleging that the Defendant failed to plead with particularity the facts and circumstances of the alleged fraud or misrepresentation by the Plaintiff in accordance with FRCP Rule 9(b). Therefore, Plaintiff argues that certain defenses and averments should be stricken in accordance with FRCP Rule 12(f).

### B.   Plaintiff's Contentions

Plaintiff contends that Defendant's counterclaim, which includes allegations of fraud and misrepresentation, falls short of the pleading requirements set forth in FRCP 9(b) and 9(f). Thus, Plaintiff argues, Defendant essentially fails to state a cause of action, and therefore the counterclaim should be dismissed. Plaintiff also contends that Defendant's Answer makes

similar allegations of fraud and misrepresentation.

Essentially, Plaintiff maintains that the Defendant has failed to plead the defense of fraud with the particularity required by FRCP 9(b). In its Motion, the Plaintiff cites the following specifics from Defendant's Answer and Counterclaim that fail to meet the particularity requirement of FRCP 9(b):

    A.    Answer, Paragraph's 3, 5, and 6 allege that, " ... prices charged by the plaintiff were inflated and the result of collusion and other improper acts of the plaintiff and a former employee of Multi-Shot...See also Answer, 12th and 13th Defenses. *See further Counterclaim Paragraph 5.*"

    B.    Answer, 10th Defense alleges that, "Any alleged contracts, agreements or accounts...were null and void...for reason that they were the product of misrepresentation and/or concealment, among other improper acts and/or omissions by plaintiff, through its agents, representatives, and/or employees, and/or were the product of conspiracy among agents, representatives and/or employees of the plaintiff to cause unjust enrichment and/or gain and unfair advantage over Multi-Shot. *See further Counterclaim, Paragraph 5 and Answer, 12th and 13th Defenses.*"

    C.    Counterclaim, Paragraph 5, alleges that T & B Sales, L.L.C., "...through its agents, employees and representatives, committed acts and/or omissions...which constituted misrepresentation, concealment and/or fraud, among other acts/omissions, and/or were the product of conspiracy among its agents, employees and representatives and/or collusion with a former employee of Multi-Shot who was acting ultra vires, for his own benefit and for that of the plaintiff,

among other improper acts, to cause unjust enrichment and/or gain an unfair advantage over Multi-Shot... *See further Answer, 12th and 13th Defenses.*"

Plaintiff contends that Multi-Shot has failed to state a cause of action upon which relief may be granted in Paragraph 5 of its Counterclaim. Plaintiff provides that the facts must minimally establish the elements of the cause of action or claim for fraud, and must include: (1) a material misrepresentation or omission, (2) a defendant with scienter concerning the fraud, (3) reliance, (4) damages, and (5) loss causation. Plaintiff insists that the Counterclaim failed to plead sufficient facts– time place, identity of the persons, circumstances, particular misrepresentation, fraud or collusion, and what and why it was fraudulent and improper. Therefore, Plaintiff insists the cause of action stated in Paragraph 5 of Multi-Shot's Counterclaim should be dismissed and that the averments set forth in Paragraph 5 of Multi-Shot's Counterclaim should be stricken as insufficient. Additionally, Plaintiff argues that the defenses set forth in Paragraph 3, 5, and 6 of Multi-Shot's Answer and in Multi-Shot's "Tenth Defense" and "Twelfth Defense" of its Answer should be stricken in accordance with the provisions of FRCP 12(f).

Plaintiff cites *Williams v. WMX Techs., Inc.,* 112 F.3d 175, 177 (5th Cir. 1997); *Nathensen v. Zonagen, Inc.,* 267 F.3d 400, 412 (5th Cir. 2001), where the Court noted, "This Circuit's precedent interprets Rule 9(b) strictly, requiring the plaintiff to 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Plaintiff notes that in *U.S. Ex. Rel. Grubbs v. Kanneganti,* 565 F.3d 180, 185-186 (5th Cir. 2009), in which the Fifth Circuit Court of Appeals found that FRCP 9(b) trumps the FRCP 8 standard, as FRCP 9(b) is the more specific rule.

Plaintiff cites *U.S. v. Continental Common,* 553 F.3d 869 (5th Cir. 2008), where the Court

stated, "To survive dismissal under Rule 12(b)(6), the non-moving party must plead enough facts to state a claim to relief that is plausible on its face. For complaints pleading fraud and malice, Rule 9(b) creates a heightened pleading requirement that the circumstances constituting fraud or mistake shall be stated with particularity." Plaintiff asserts that a dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim and that Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."

Plaintiff cites *Kaiser Aluminum, Etc. v. Avondale Shipyards*, 677 F.2d 1045 (5th Cir. 1982), wherein the Fifth Circuit Court of Appeals noted that, "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." Plaintiff insists that, because the Defendant has failed to plead the allegations and defenses of fraud with particularity, as required by FRCP 9(b), they should be stricken as being insufficiently pleaded as a matter of law.

In the event that the Court denies Plaintiff's Motion to Dismiss and Motion to Strike, Plaintiff moves for a more definite statement pursuant to FRCP 12(e).

**C.   Defendant's Contentions**

Defendant contends that Plaintiff has cited inapplicable law in its Memorandum in Support of its Motion to Dismiss. Defendant argues that the Plaintiff cited cases which are securities fraud cases and/or antitrust cases, which have heightened pleading requirements under the Securities Exchange Act, §10(b), and the Clayton Act, 15 U.S.C.A §15b.

Defendant cites *U.S. Ex. Rel. Thompson v. Columbia/HCA Healthcare Corporation*, 125 F.3d 899 (5th Cir. 1997), which provided that, "A district court may not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff [or plaintiff-in-

counterclaim] cannot prove any set of facts that would entitle it to relief." Defendant claims that it has identified numerous witnesses and is in the process of identifying documents to prove its claims and defenses. Defendant also contends that discovery has not yet begun and information that the Defendant needs is in the possession of the Plaintiff.

Defendant cites *Guidry v. Bank of Laplace*, 954 F.2d 278 (5th Cir. 1992), arguing that what constitutes "particularity" will necessarily differ with the facts of each case, hence, the Fifth Circuit has never articulated the requirements of Rule 9(b) in great detail, especially in circumstances such as the instant case. Defendant also cites *U.S. Ex. Rel. Thompson v. Columbia/HCA Healthcare Corporation*, 125 F.3d 899 (5th Cir. 1997); *U.S. Ex. Rel. Doe v. Dow Chemical Company*, 343 F.3d 325 (5th Cir. 2003); *U.S. Ex. Rel. Russell v. Epic Healthcare Management Group*, 193 F.3d 304 (5th Cir. 1999), wherein the Fifth Circuit stated, "In certain circumstances, the pleading requirements of Rule 9(b) are relaxed where, as here, the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge. In such circumstances, the standard is relaxed and fraud, or other allegations regarding state of mind, may be pled upon information and belief, provided the plaintiff sets forth the factual basis for his relief." Defendant argues that the instant case constitutes such an exception where the FRCP 9(b) pleading requirement should be relaxed.

Further, the Defendant contends that it has been performing exhaustive searches and is still searching its records to find information. Defendant states that at the time the Counterclaim was filed, Multi-Shot had sufficient knowledge, from talking with witnesses, that persons in the employ of the Plaintiff conspired with former employee(s) of Multi-Shot. Defendant claims that the employee(s) are no longer under Multi-Shot's control and it needs the discovery and subpoena process to discover their information because they did not leave such information with

Multi-Shot.

Defendant feels that it has pled as specifically as it can, and to the extent it has information and knowledge at this time. Additionally, Defendant claims that information relating to the its claims are in the possession of the Plaintiff. Defendant has asked this Court for leave to amend its Counterclaim and Answer to remove all allegations of "fraud" and allow it to retain all other allegations. Defendant feels that the allegations of conspiracy, collusion, misrepresentation, concealment, and/or improper acts/omissions have met the standard under FRCP 8, which requires a short and plain statement.

**C.     Analysis**

The issue in this case is whether or not Multi-Shot pled its defenses and allegations of fraud with particularity as required by FRCP 9(b). Federal Rule of Civil Procedure 9(b) provides in pertinent part that:

> **(b) Fraud or Mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

This Circuit's precedent interprets Rule 9(b) strictly, requiring the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *Nathensen v. Zonagen, Inc.*, 267 F.3d 400, 412 (5th Cir. 2001). Further, the Fifth Circuit has found that FRCP 9(b) trumps the FRCP 8 standard, as FRCP 9(b) is the more specific rule. Also, FRCP 9(b) is the exception to FRCP 8(a)'s simplified pleading requirement. *U.S. Ex. Rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185-186 (5th Cir. 2009). It is

clear from Multi-Shot's Answer and Counterclaim that it has failed to plead fraud with particularity. The defenses and allegations of fraud merely state that there was a fraud, misrepresentation, or collusion between the employees of the Plaintiff and Defendant. As the Fifth Circuit has set out in numerous decisions, an allegation or defense of fraud is required to identify the speaker, state when and where the statements were made, and explain why they are fraudulent. The Defendant's have failed to do so in the instant case.

While the Defendant claims that the Plaintiff cites inapplicable law because it refers to Anti-trust cases which have a heightened pleading requirement, this is in fact not the case. In *U.S. v. Continental Common*, 553 F.3d 869 (5th Cir. 2008), the Fifth Circuit stated that "For complaints pleading fraud and malice, Rule 9(b) creates a heightened pleading requirement that the circumstances constituting fraud or mistake shall be stated with particularity." Thus, by asserting fraud in its Answer and Counterclaim, Multi-Shot is subject to the heightened pleading standard requiring fraud to be plead with particularity as set out above.

A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6). *U.S. Ex. Rel. Thompson v. Columbia/ HCA Healthcare Corporation,* 125 F.3d 899 (5th Cir. 1997). Defendant has stated that discovery has not yet begun and that information it needs is in the possession of the Plaintiff. From this, the Court concludes that Multi-Shot will need to participate in the discovery and subpoena process in order to obtain the particulars of their allegations of fraud. Upon review of the circumstances and arguments presented, the Court finds the particularity standard under Rule 9(b) has not been met and, as such, Defendant is **ORDERED** to amend in order to remove all allegations and defenses of fraud. Plaintiff's Motion to Dismiss/ Strike is **DENIED**.

**E. Conclusion**

For the reasons set forth above, Plaintiff's Motion to Dismiss (Doc. 13) is hereby **DENIED**. Defendant's request to amend its counterclaim and answer is GRANTED and it is further **ORDERED** that Defendant file for leave of court to amend its counterclaim and answer and remove all allegations and defenses of fraud.

THUS DONE AND SIGNED in Lafayette, Louisiana, on this the 19th day of February, 2010.

JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA